## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                     Case No. 07-81329-WRS
                                                          Chapter 13

PAUL WAYNE YARBROUGH &,
ANGELIA YARBROUGH

   Debtors

PAUL WAYNE YARBROUGH &
ANGELIA YARBROUGH,

   Plaintiffs                               Adv. Pro. No. 10-08012-WRS

  v.

GREEN TREE SERVICING LLC,

   Defendant

## <u>MEMORANDUM DECISION</u>

This Adversary Proceeding is before the Court upon the Motion to Compel Arbitration and Stay Proceedings filed by the Defendant, Green Tree Servicing LLC on July 2, 2010. (Doc. 9). On July 27, 2010, this Court held a telephonic hearing on the motion. For the reasons set forth below, the Defendant's Motion to Compel Arbitration and Stay Proceedings is DENIED.

## <u>I. FACTS</u>

Plaintiffs Paul Wayne & Angelia Yarbrough ("the Debtors") filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on November 15, 2007. (Case No. 07-81329, Doc.1). The Defendant, Green Tree Servicing LLC ("Green Tree") filed a secured proof of claim for the Debtors' mobile home on November 30, 2007. The Debtors surrendered their mobile home to Green Tree during August 2009. In October, 2009, the Debtors' received a Notice of Repossession and Intent to Sell from Green Tree and on December 1, 2009, Green Tree took possession of the mobile home. On March 1, 2010, Green Tree filed an Amended

1

Proof of Claim showing that the mobile home sold for $13,640.82 and the Debtors' deficiency balance at $36,582.48. Following a request for an accounting by Debtors' counsel, Green Tree amended its proof of claim on March 15, 2010 with the same deficiency balance.

On May 28, 2010, the Debtors filed this adversary proceeding alleging that Defendant Green Tree conducted a commercially unreasonable sale of the mobile home, breached its duty of good faith, and objecting to Green Tree's claim. (Case No. 10-08012, Doc. 1). In response to the Debtors' complaint, Green Tree filed a Motion to Compel Arbitration and Stay Proceedings on July 2, 2010. (Doc. 9). This Court held a hearing on the motion on July 27, 2010, at 1:30 p.m. Both parties appeared telephonically at the hearing and argued their respective positions.

## II. CONCLUSIONS OF LAW

Citing to the arbitration provisions of the parties' contract, Green Tree contends that its dispute with the Debtors should be sent to arbitration. The Eleventh Circuit has set a standard for determining whether an arbitration agreement is enforceable in bankruptcy court. *Whiting-Turner Contracting Co. v. Electric Machinery Enterprises, Inc. (In re Electric Machinery Enterprises, Inc.)* 479 F.3d 791 (11th Cir. 2007). In *Electric Machinery Enterprises*, the Eleventh Circuit laid out a two step process to determine the enforceability of an arbitration agreement in bankruptcy court: first, the arbitration agreement must be determined to be valid and enforceable, *Id.* at 795, and, second, the Court must look into whether the arbitration agreement inherently conflicts with the purposes of the Bankruptcy Code. *Id.* at 796.

### A. The Validity and Enforceability of the Arbitration Agreement

Looking first at the arbitration agreement, "whether the parties agreed to submit their claims to arbitration" is central to a determination of the validity and enforceability of an agreement to arbitrate. *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 90, 121 S.Ct. 513,

521, 148 L.Ed.2d 373 (2000). Under the Federal Arbitration Act, there is a strong federal policy favoring arbitration. *In re Electronic Machinery Enterprises, Inc.*, 479 F.3d at 796.

Here, neither party contests the validity of the arbitration agreement. Rather, the Debtors contest that Green Tree waived its right to arbitrate by substantially invoking the litigation process by filing a proof of claim, motion to life stay, amending its proof of claim, answering the Plaintiff's complaint, admitting venue, failing to affirmatively defend with arbitration, filing discovery, and by participating in a Rule 26(f) meeting. (Doc. 13). The arbitration provision of the Land Installment Contract provides:

> ARBITRATION: All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clauses or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This arbitration agreement is made pursuant to a transaction involving Interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement. I agree that I shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or relating to this Agreement. The parties agree and understand that the arbitrator shall have all powers provided by law and the Agreement. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, you retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. *The Institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain money judgment or to enforce the security agreement, shall not constitute a waiver of the right of any*

3

*party to compel arbitration in this Agreement, including the filing of a counterclaim in a suit brought by you pursuant to this provision.*

(Doc. 9, Exhibit 1) (italics added).

The Debtors rely on *Lewallen v. Green Tree Servicing, LLC*, 487 F.3d 1085 (8th Cir. 2007) to support their position that Green Tree waived its right to arbitration. The arbitration provision in *Lewallen* is identical to the one here, including the above italicized portion. *See Lewallen*, 487 F.3d at 1091. As the Court noted in *Lewallen*, "the debtor's filing a proof of claim does not constitute a waiver of the creditor's right to invoke an otherwise valid arbitration clause." *Id.* (citing *In re Statewide Realty Co.*, 159 B.R. 719, 724 (Bankr.D.N.J. 1993)). The defendant in *Lewallen*, as the Defendant here, filed a proof of claim and engaged in other aspects of the bankruptcy process. *Id.* at 1090-91. However, the defendant in *Lewallen* delayed almost eleven months in raising its right to arbitrate following the debtor's filing an objection to the defendant's proof of claim. *Id.* at 1091. It was this delay that caused the Court in *Lewallen* to determine that the defendant had waived its right to arbitrate stating that "[t]o safeguard its right to arbitration, a party must 'do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration.'" *Id.* (citing *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)).

Here, no similar delay exists. While the defendant, Green Tree, originally filed its proof of claim on November 30, 2007 and amended proof of claim on March 1, 2010, the Debtors did not raise an objection to the claim until the filing of this adversary proceeding on May 28, 2010. Albeit, Green Tree did not immediately raise arbitration as a defense, only about five weeks passed from the initiation of this proceeding to Green Tree's filing of its Motion to Compel Arbitration. This gap in timing does not rise to the level of that in *Lewallen*. Thus, this Court finds that Green Tree did not waive its right to arbitrate by participating in the bankruptcy

4

process.  Therefore, the arbitration agreement is valid and enforceable.

## B. **The arbitration agreement inherently conflicts with the Bankruptcy Code because the underlying dispute is a proof of claims objection.**

The second determination is whether the arbitration agreement inherently conflicts with the purposes of the Bankruptcy Code.  *In re Electronic Machinery Enterprises, Inc.*, 479 F.3d at 796.  When confronting the issue of whether arbitration inherently conflicts with the Bankruptcy Code, we must look at whether the proceeding is core or non-core.  *Id.*  If a proceeding is non-core, then bankruptcy courts must enforce an arbitration agreement.  *Id.*  Even when the proceeding is core, the bankruptcy court must still determine whether enforcing the arbitration agreement would create an inherent conflict.  *Id.*  A core proceeding is "one that would arise only in bankruptcy," while a non-core proceeding is one that "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy."  *Id.* at 797 (internal citations omitted).

If a proceeding is determined to be a core proceeding, it is not automatically free from the bindings of the arbitration agreement.  Rather, the Bankruptcy Court must make a two part determination as to whether:

> (a)      the underlying nature of a proceeding drives exclusively from the provisions of the Bankruptcy Code (not from prepetition legal or equitable rights of a debtor (the "arising-under requirement") and
> (b)      the arbitration of the proceeding would conflict with the purpose of the Code (the "inherent conflict requirement").

*In re Highway Solutions LLC*, 2009 WL 2611949 *3 (Bankr.M.D.Ala. 2009) (citing *Jalbert v. Zurich American Insurance Co. (In re Payton Construction Corp.)*, 399 B.R. 352, 361-62 (Bankr.D.Mass. 2009)).  When a creditor is making a claim against the debtor, "there is a policy interest of concentrating matters involving a debtor in one centralized and specialized forum, i.e. the Bankruptcy Court."  *Id.*  This policy interest creates an inherent conflict with the underlying

5

policy of the Federal Arbitration Act, *Id.*, resulting in a finding in favor of keeping the proceeding in Bankruptcy Court. Here, Green Tree argues that the underlying proceedings are not core proceedings, and even if they are, there is no inherent conflict. (Doc. 9, pg. 6).

### 1. *Core Proceeding vs. Non-Core Proceeding*

Green Tree argues that because two of the allegations in the Debtors' complaint arise under Ala. Code §§ 7-9A-610, 7-1-203 for state law Uniform Commercial Code violations and the entire complaint is non-core because two allegations arise outside of the Bankruptcy Code. *Id.* at 4-6. Specifically, Green Tree relies on this Court's decision in *Dixon v. Green Tree, Inc.*, 2007 WL 703612 (Bankr.M.D.Ala. 2007). In *Dixon*, the plaintiffs, like the Debtors in this case, had an installment sales contract with Green Tree (the same defendant in both cases) for a mobile home. *Id.* at *1. The installment sales contract contained a similar arbitration clause as the current clause under consideration. The plaintiffs in *Dixon* defaulted on their payments and Green Tree repossessed their mobile home, sold it at a foreclosure sale, and began requesting the plaintiffs to pay the deficiency balance. *Id.* The plaintiffs only then filed for chapter 13 bankruptcy relief and sometime later initiated an adversary proceeding against Green Tree on ten counts, nine of which arose under state law and one under non-bankruptcy federal law. *Id.* Finding that all ten claims failed to invoke a substantive right created by the Bankruptcy Code, and thus could arise outside of bankruptcy, this Court found the counts non-core and thus the arbitration clause applied. *Id.* at 3 (referencing *In re Electronic Machinery Enterprises, Inc.*, 479 F.3d at 798-99).

Here, what Green Tree ignores are two important distinctions from the *Dixon* case from the case at hand. First, in *Dixon*, this Court said "[i]t is also important to note . . . that Green Tree has not filed a deficiency claim in [the plaintiff's] Bankruptcy Case." *Id.* at 1. That is not

the case here. Green Tree filed a proof of claim upon the Debtors' initiation of this case, then following the Debtors' surrendering of their mobile home, Green Tree repossessed the home, conducted a foreclosure sale, and amended its proof of claim to include the deficiency balance. It is the Debtors' objection to the amended proof of claim with the deficiency balance that is the basis for the Debtors' complaint. Second, the two state law counts arise from the proof of claim objection, which this Court considers a core proceeding because it is a counterclaim "by the estate against persons filing claims against the estate" under 28 U.S.C. § 157(b)(2). Since the two state law counts are brought about by a proof of claim filing for a deficiency balance and their resolution directly affects the proof of claim filing, this Court distinguishes the current case from *Dixon* in finding a core proceeding.

> 2. *Enforcing the arbitration clause will inherently conflict with the purposes of the Bankruptcy Code.*

Green Tree argues that even if the underlying claims constitute a core matter, they nonetheless do not inherently conflict with the purposes of the Bankruptcy Code. (Doc. 9, pg. 6). In support of its position, Green Tree relies on the finding in *Dawsey v. CitiFinancial Auto Corp. (In re Dawsey)*, 2007 WL 1140358 (Bankr.M.D.Ala. 2007). In *Dawsey*, the plaintiffs initiated an adversary proceeding alleging violations of the Truth in Lending Act ("TILA") and sought to avoid enforcement of an arbitration agreement, arguing in part that their complaint was a counterclaim for the purposes of 28 U.S.C. § 157(b)(2). *Id.* at *1-*3. The court found there was no inherent conflict for two reasons:

> First, there is no bankruptcy prupose to be served by resolving both the claim and alleged counterclaim in the bankruptcy court. The plaintiffs have not objected to the defendant's proof of claim, and resolution of the TILA action involves a different set of facts and law than the proof of claim. Second, . . . [b]ut for the counterclaim designation, the TILA action would be a non-core proceeding merely "related to" the chapter 13 case. . . . It raises issues solely of non-bankruptcy federal law.

*Id.* at *3. The facts for the case at hand are noticeably different. First, the Debtors here, unlike the plaintiffs in *Dawsey*, have actually objected to Green Tree's proof of claim in Count III of their complaint and do not simply allege a counterclaim dispute. (Doc. 1, pg. 4). The dispute is an amount of the proof of claim itself, not general misbehavior on the part of the creditor. The resolution of the state law actions go directly to the central dispute of the Debtors' complaint: the proof of claim. Second, TILA violations are a federal cause of action that exists outside of the Bankruptcy Code. An objection to a proof of claim only exists because of the Bankruptcy Code. As the Debtors in this case are objecting to Green Tree's proof of claim, this Court believes there is a strong policy interest in keeping matters involving the Debtor, particularly issues regarding creditor claims, "in one centralized and specialized forum." *In re Highway Solutions LLC*, 2009 WL 2611949 *3 (Bankr.M.D.Ala. 2009). Thus, there is an inherent conflict.

### III. CONCLUSION

This Court finds that the arbitration agreement here is valid and enforceable and it has not been waived by the Defendant's actions. This Court finds that the claims asserted by the Debtors are core under 28 U.S.C. § 157(b)(2) and an inherent conflict exists between enforcing the arbitration agreement and the purposes of the Bankruptcy Code. The Court will deny the motion by way of a separate order.

Done this 29th day of September, 2010.

/s/ William R. Sawyer
 United States Bankruptcy Judge


c: Charles M. Ingrum Jr., Attorney for Plaintiff
   Paul J. Spina, Attorney for Defendant
   R. Austin Huffaker Jr., Attorney for Defendant

8

9